UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RACHEL MASSEY,<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>DORSA FAMILY DENTISTRY PLLC, D/B/A PADRE ISLAND FAMILY DENTISTRY, and SOPHI NABAVI<br><br>Defendants. | Case No.<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff—Rachel Massey ("Massey")—brings this action individually and on behalf of all others similarly situated (collectively, "Plaintiff and the Putative Collective Members") who worked for Defendants—Dorsa Family Dentistry PLLC, d/b/a Padre Island Family Dentistry ("Dorsa"), and Doctor Sophi Nabavi ("Nabavi")—anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, to recover overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201–19. Plaintiff's FLSA claims are asserted as a collective action under the FLSA, 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA.

2. Plaintiff and the Putative Collective Members are those similarly situated persons who worked for Defendants, anywhere in the State of Texas, at any time during the relevant statutes of

limitations through the final disposition of this matter, and have not been paid overtime compensation in violation of federal law.

3. Although Plaintiff and the Putative Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Specifically, Defendants' regular practice—including during weeks when Plaintiff and the Putative Collective Members worked recorded hours in excess of 40—was (and is) to pay straight time for overtime hours.

5. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members for the proper amount of overtime on a routine and regular basis during the relevant time period.

6. Plaintiff and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

7. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

8. Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

9. Plaintiff Massey was employed by Defendants in Texas during the relevant time periods. Plaintiff Massey did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

10. The FLSA Collective Members are those current and former hourly employees who were employed by Defendants, anywhere in the State of Texas, at any time from May 7, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

11. Defendant Dorsa Family Dentistry PLLC, d/b/a Padre Island Family Dentistry is a Texas limited liability company, licensed to and doing business in the state of Texas, and may be served through its registered agent for service of process: **Mehran Vatankhah, 3126 Deer Run #5, Corpus Christi, Texas 78410.**

12. Defendant Sophi Nabavi is a member of Defendant Dorsa. Nabavi is an employer as defined by 29 U.S.C. § 203(d). Nabavi may be served with service of process at: 14254 S. Padre Island Dr. #211, Corpus Christi, Texas 78418 or wherever she may be found.

13. Defendants are joint employers under the FLSA. They had common ownership, oversight and control over Plaintiff and the Putative Collective Members. As a result, both Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the wage provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

14. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

---

[1] The written consent of Rachel Massey is attached hereto as Exhibit "A."

15. This Court has general and specific personal jurisdiction over Defendants because the claims against them arose within this District as a result of Defendants' conduct within this District and Division and because Texas qualifies as their home state.

16. Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

17. Specifically, Dorsa's corporate headquarters are located in Corpus Christi, Texas and Plaintiff Massey worked for Defendants in Corpus Christi, Texas—both of which are located within this District and Division.

## IV.
## ADDITIONAL FACTS

18. Dorsa provides dental services in Corpus Christi, Texas.[2]

19. Nabavi is the managing member of Dorsa.

### Defendants are Joint Employers

20. Defendants are joint employers under the FLSA.

21. Defendants directly hired Plaintiff and the Putative Collective Members.

22. Defendants controlled Plaintiff and the Putative Collective Members' work schedules and conditions of employment.

23. Specifically, Nabavi set the weekly work schedules for all of Dorsa's employees—including the Plaintiff and the Putative Collective Members.

24. Nabavi also defined the primary work duties for all of Dorsa's employees—including the Plaintiff and the Putative Collective Members.

---

[2] https://www.padreislanddentistry.com/

25. Defendants determined the Plaintiff and the Putative Collective Members' rate and method of payment of wages.

26. Specifically, Nabavi determined the hourly rate of pay for all of Dorsa's employees—including the Plaintiff and the Putative Collective Members.

27. Defendants maintained control, oversight, and direction over Plaintiff and Putative Collective Members including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

28. Moreover, Nabavi created Defendants' illegal pay practice, that is she determined the Plaintiff and Putative Collective Members should be paid straight time for their hours worked in excess of forty (40).

29. Defendants mutually benefitted from the work performed by Plaintiff and Putative Collective Members.

30. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and Putative Collective Members. Defendants shared the services of Plaintiff and Putative Collective Members.

31. Defendants acted directly in the interest of each other in relation to Plaintiff and Putative Collective Members.

32. Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of their clients.

33. Both Defendants had the power to hire and fire Plaintiff and Putative Collective Members.

34. Defendants maintained Plaintiff and Putative Collective Members' employment records.

35. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions.

### Plaintiff and the Putative Collective Members are Similarly Situated

36. To provide their services, Defendants employed (and continues to employ) numerous hourly employees—including Plaintiff and the Putative Collective Members.

37. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the State of Texas.

38. Plaintiff and the Putative Collective Members were responsible for assisting Defendants' patients.

39. Plaintiff Massey was employed by Defendants as a Dental Hygienist from approximately 2021 until December 2024.

40. Plaintiff and the Putative Collective Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and are not paid overtime compensation for hours worked in excess of forty (40).

41. Plaintiff and the Putative Collective Members typically worked (and continue to work) five days per week and approximately fifty (50) or more hours per week.

42. Defendants employed (and continues to employ) other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

43. Moreover, Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in the complained of FLSA violation alleged herein.

### Defendants Failed to Pay Overtime Compensation

44. On average Plaintiff and the Putative Collective Members worked approximately fifty (50) hours per workweek assisting Defendants' patients.

45. Importantly, none of the FLSA exemptions relieving a covered employer (such as Defendants) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members.

46. On information and belief, prior to 2025, Defendants maintained two offices in Corpus Christi, Texas, one on 13725 Northwest Blvd (the "Town Office"), and another on 14254 S. Padre Island Dr. (the "Island Office").

47. On information and belief, in 2024 Defendants closed the Town Office and consolidated operations at the Island Office.



48. While operating two offices, Defendants required the Plaintiff and the Putative Collective Members to work at both the Town Office and the Island Office.

49. Although both locations were owned and operated by the Defendants and were a single enterprise under the FLSA, Defendants counted the hours worked by the Plaintiff and the Putative Collective Members at each office separate from the other office.

50. As an example, for the pay period of April 15, 2024, to April 28, 2024, Plaintiff Massey worked 81.15 hours while at the Town Office.



51.     In the same pay period, Plaintiff Massey worked 9.55 hours at the Island Office.

52.     Together, Plaintiff Massey worked a total of 90.7 hours during the two week pay period.

53.     Instead of paying Plaintiff Massey at least 10.7 hours of overtime, Defendants paid Plaintiff Massey straight time wages for all hours worked.

54.     Indeed, Defendants did not even pay Massey overtime for the clear 1.15 overtime hours worked just at the Town Office.

55.     Defendants' separate offices were not distinct businesses but were a single enterprise under the FLSA, as they share related activities, a common business purpose—providing dental services—and are owned and operated by Doctor Nabavi.

56.     Additionally, the Town Office and Island Office share employees, assets, and customers.

57.     Plaintiff and the Putative Collective Members were entitled to be paid overtime compensation for each hour worked in excess of forty (40) each workweek.

58.     As a result of Defendants' blatant failure to pay Plaintiff and the Putative Collective Members overtime compensation, Plaintiff and the Putative Collective Members worked overtime hours for which they were not compensated at the rates required by the FLSA.

59. Defendants knew or should have known that they were not (and are not) compensating Plaintiff and the Putative Collective Members overtime compensation in violation of the FLSA.

60. Defendants knew or should have known that their failure to pay overtime to Plaintiff and Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective Members.

61. Defendants knew or should have known that their policy to not pay overtime compensation to the Plaintiff or Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective Members.

62. Because Defendants did not pay Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices willfully violated (and continue to violate) the FLSA.

63. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

A.  **FLSA COVERAGE**

64. The foregoing paragraphs are incorporated as though fully set forth herein.

65. The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL CURRENT AND FORMER HOURLY EMPLOYEES WHO WORKED FOR DORSA FAMILY DENTISTRY PLLC, D/B/A PADRE ISLAND FAMILY DENTISTRY AND SOPHI NABAVI, ANYWHERE IN THE STATE OF TEXAS, AT ANY TIME FROM MAY 7, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

66. At all material times, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

67. At all material times, Defendants have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

68. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

69. Specifically, Defendants operate on interstate highways, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

70. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

71. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 207(a).

72. Specifically, Plaintiff and the FLSA Collective Members traveled on interstate highways and used goods, tools, and building materials purchased in interstate commerce. 29 U.S.C. § 203(j).

73. At all material times, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

74. The proposed class of similarly situated employees sought to be certified pursuant to 29 U.S.C. § 216(b) is defined in ¶ 65.

75. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

**B.  FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

76. Defendants have violated provisions of the FLSA, 29 U.S.C. §§ 207 & 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

77. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

78. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

79. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less knowledgeable employees who trusted Defendants to pay them according to the law.

80. The decisions and practices by Defendants to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

81. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     COLLECTIVE ACTION ALLEGATIONS**

82. The foregoing paragraphs are incorporated as though fully set forth herein.

83. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

84. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

85. The FLSA Collective Members are defined in ¶ 65.

86. Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

87. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

88. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

89. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

90. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

91. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

92. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

93. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in ¶ 65 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

94. Plaintiff respectfully prays for judgment against Defendants as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 66 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   d.  For an Order awarding the costs and expenses of this action;

   e.  For an Order awarding attorneys' fees;

   f.  For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

   g.  For an Order awarding Plaintiff Massey a service award as permitted by law;

   h.  For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense, should discovery prove inadequate; and

   i.  For an Order granting such other and further relief as may be necessary and appropriate.

Date: May 8, 2025     Respectfully submitted,

          **ANDERSON ALEXANDER, PLLC**

          By: */s/ Clif Alexander*
            **Clif Alexander**
            Federal I.D. No. 1138436
            Texas Bar No. 24064805
            clif@a2xlaw.com
            **Austin W. Anderson**
            Federal I.D. No. 777114
            Texas Bar No. 24045189
            austin@a2xlaw.com
            **Lauren E. Braddy**
            Federal I.D. No. 1122168
            Texas Bar No. 24071993
            lauren@a2xlaw.com
            **Carter T. Hastings**
            Federal I.D. No. 3101064
            Texas Bar No. 24101879
            carter@a2xlaw.com
            101 N. Shoreline Blvd, Suite 610
            Corpus Christi, Texas 78401
            Telephone: (361) 452-1279
            Facsimile: (361) 452-1284

            *Counsel for Plaintiff and the Putative Collective Members*